(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.) 

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 16 77 CV a 2l7 D

Charina Aguin, a.ka Karina Aguine ......................., Plaintiff(s)

v.

Sara Fleming, M.D, et al ......................., Defendant(s)
Jennifer Dontrood M.D, El Hutenell M.P, Stewat House, Lawrece Coly M.D, Timothy North M,
Karen Mellothe, Laurel Barrell M.e, Jhn Dee    SUMMONS Lawrence Gened Hospital, Unkown John Doe chs

**To the above named Defendant:**

You are hereby summoned and required to serve upon _Danilo Avalo, Esq_

plaintiff's attorney, whose address is _602 Columbia Read, Dorchetr MA 02125_, an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_Lawrence, MA_ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE , Esquire, at Salem, the _19th_
day of _October_ , in the year of our Lord two thousand _16_

_Thomas M Driscoll Jr._
*Clerk*

<div style="writing-mode: vertical">NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the the original in the Clerk's Office</div>

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1677CV01217 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | |
|---|---|
| CASE NAME:<br>Charina Aquino Also Known As Karina Aquino vs. Saroj Fleming, M.D. et al | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: Jose Junior Lopez, Esq.<br>Avalon Law Offices P.C.<br>38 Maverick Square<br>East Boston, MA 02128 | COURT NAME & ADDRESS<br>Essex County Superior Court - Lawrence<br>43 Appleton Way<br>Lawrence, MA 01841 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 11/03/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 12/05/2016 | |
| All motions under MRCP 12, 19, and 20 | 12/05/2016 | 01/02/2017 | 02/01/2017 |
| All motions under MRCP 15 | 12/05/2016 | 01/02/2017 | 02/01/2017 |
| All discovery requests and depositions served and non-expert despositions completed | 06/01/2017 | | |
| All motions under MRCP 56 | 07/03/2017 | 07/31/2017 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/28/2017 |
| Case shall be resolved and judgment shall issue by | | | 08/06/2018 |

The final pre-trial deadline is **not** the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 08/05/2016 | Jose Mejia | (978)242-1900 |

DATE: 10/20/16 TIME: 8:40 AM

LOCATION: 391 Miller Ave

SERVICE: IN HAND ABODE

DEPUTY SHERIFF M. CHAVEZ # 214

ROCKINGHAM COUNTY NH

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

PLAINTIFF(S):    Charina Aquino a.k.a. Karina Aquino

ADDRESS:    54 Crescent Street, #2

Lawrence, MA 01841

COUNTY    Essex

DEFENDANT(S):    Lawrence General Hospital, et. al.

ATTORNEY:    Danilo Avalon, Esq.

ADDRESS:    Avalon Law Offices, P.C.

612 Columbia Road

Dorchester, MA 02125

BBO:    632152

ADDRESS:    One General Street

Lawrence, MA 01841

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| Z01 | Medical Malpractice | F | ☒ YES    ☐ NO |

"If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ............................................................................................... $ _____
    2. Total doctor expenses ................................................................................................. $ _____
    3. Total chiropractic expenses ......................................................................................... $ _____
    4. Total physical therapy expenses ................................................................................. $ _____
    5. Total other expenses (describe below) ........................................................................ $ _____
                                                 Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............................................................ $ _____
C. Documented property damages to dated ............................................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ........................................... $ 25,000.00
E. Reasonably anticipated lost wages .................................................................................... $ _____
F. Other documented items of damages (describe below) ....................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
The Plaintiff suffered a total abdominal hysterectomy due to the medical malpractice and vicarious liability of the Defendants.

                                                    TOTAL (A-F):$ 25,000.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                                  TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _____    Date: 8/5/2016

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____    Date: 8/5/2016

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

AA1 Contract Action Involving Commonwealth,
   Municipality, MBTA, etc.       (A)
AB1 Tortious Action Involving Commonwealth,
   Municipality, MBTA, etc.       (A)
AC1 Real Property Action Involving
   Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action Involving Commonwealth,
   Municipality, MBTA, etc.       (A)
AE1 Administrative Action Involving
   Commonwealth, Municipality, MBTA etc. (A)

### CN Contract/Business Cases

AO1 Services, Labor, and Materials    (F)
A02 Goods Sold and Delivered       (F)
A03 Commercial Paper           (F)
A04 Employment Contract       (F)
A08 Insurance Contract          (F)
A09 Sale or Lease of Real Estate    (F)
A12 Construction Dispute        (A)
A14 Interpleader              (F)
BA1 Governance, Conduct, Internal
   Affairs of Entities         (A)
BA3 Liability of Shareholders, Directors,
   Officers, Partners, etc.      (A)
BB1 Shareholder Derivative     (A)
BB2 Securities Transactions     (A)
BC1 Mergers, Consolidations, Sales of
   Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property       (A)
BD2 Proprietary Information or Trade
   Secrets               (A)
BG1 Financial Institutions/Funds   (A)
BH1 Violation of Antitrust or Trade
   Regulation Laws        (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract  (A)
D02 Reach and Apply           (F)
D03 Injunction                (F)
D04 Reform/ Cancel Instrument    (F)
D05 Equitable Replevin        (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust       (A)
D08 Minority Shareholder's Suit    (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting             (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership    (F)
D13 Declaratory Judgment, G.L. c.231A (A)
D14 Dissolution of a Corporation    (F)
D99 Other Equity Action         (F)

### PA Civil Actions Involving Incarcerated Party †

PA1 Contract Action Involving an
   Incarcerated Party        (A)
PB1 Tortious Action Involving an
   Incarcerated Party        (A)
PC1 Real Property Action Involving an
   Incarcerated Party        (F)
PD1 Equity Action Involving an
   Incarcerated Party        (F)
PE1 Administrative Action Involving an
   Incarcerated Party        (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal
   Injury/Property Damage      (F)
B04 Other Negligence - Personal
   Injury/Property Damage      (F)
B05 Products Liability          (A)
B06 Malpractice - Medical / Wrongful Death (A)
B07 Malpractice - Other        (A)
B08 Wrongful Death, G.L. c.229 §2A  (A)
B15 Defamation             (A)
B19 Asbestos               (A)
B20 Personal Injury - Slip & Fall   (F)
B21 Environmental           (F)
B22 Employment Discrimination    (F)
BE1 Fraud, Business Torts, etc.    (A)
B99 Other Tortious Action      (F)

### RP Real Property

C01 Land Taking            (F)
C02 Zoning Appeal, G.L. c. 40A   (F)
C03 Dispute Concerning Title     (F)
C04 Foreclosure of a Mortgage   (X)
C05 Condominium Lien & Charges  (X)
C99 Other Real Property Action   (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding  (X)
E97 Prisoner Habeas Corpus     (X)
E22 Lottery Assignment, G.L. c. 10 §28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E (X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
   G.L. c. 30A             (X)
E03 Certiorari Action, G.L. c.249 §4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G. L. c. 93 §9 (A)
E07 Mass Antitrust Act, G. L. c. 93 §8 (X)
E08 Appointment of a Receiver    (X)
E09 Construction Surety Bond, G.L. c. 149
   §§29, 29A             (A)
E10 Summary Process Appeal    (X)
E11 Worker's Compensation     (X)
E16 Auto Surcharge Appeal      (X)
E17 Civil Rights Act, G.L. c.12 §11H (A)
E24 Appeal from District Court
   Commitment, G.L. c.123 §9(b)   (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c265 §56    (X)
E95 Forfeiture, G.L. c.94C §47   (F)
E99 Other Administrative Action   (X)
Z01 Medical Malpractice - Tribunal only,
   G.L. c. 231 §60B          (F)
Z02 Appeal Bond Denial        (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A §12 (X)
E14 SDP Petition, G.L. c. 123A §9(b)  (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, c.6 §178M (X)
E27 Minor Seeking Consent, G.L. c.112 §12S (X)

TRANSFER YOUR SELECTION TO THE FACE SHEET

---

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

---

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NO. 1677CV01217D

|  |  |
|---|---|
| CHARINA AQUINO, a.k.a. KARINA AQUINO Plaintiff | ) ) ) ) |
| v. | ) ) ) **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SAROJ FLEMING, M.D.; JENNIFER BENTWOOD, M.D.; ELTON FENNEL, M.D.; STEWART HOU, M.D.; LAWRENCE CASHA, M.D.; TIMOTHY NORTON, M.D.; KAREN MELLO, M.D.; LAUREL BARRETT, M.D.; LAWRENCE GENERAL HOSPITAL; JOHN DOES; UNKNOWN JOHN DOE CLINIC; Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) |

## PARTIES

1.   The Plaintiff, Charina Aquino, also known as Karina Aquino, is a resident at 54 Crescent Street, #2, Lawrence, Essex County, Commonwealth of Massachusetts.

2.   The Defendant, Lawrence General Hospital ("LGH") is a duly organized charitable organization in the Commonwealth of Massachusetts with a principal place of business located at One General Street, Lawrence, Essex County, Commonwealth of Massachusetts. The registered agent is Corporation Services Company, 84 State Street, Boston, Suffolk County, Commonwealth of Massachusetts.

3.   The Defendant, Saroj Fleming ("Dr. Fleming"), of Lawrence, Essex County, Massachusetts was at all times herein a physician licensed to practice medicine in the Commonwealth of Massachusetts. The Defendant's business address is located at One General Street, Lawrence, Essex County, Commonwealth of Massachusetts.

4.    The Defendant, Jennifer Bentwood ("Dr. Bentwood"), of Lawrence, Essex County,
      Massachusetts was at all times herein a physician licensed to practice medicine in the
      Commonwealth of Massachusetts. The Defendant's last known business address was
      located at One General Street, Lawrence, Essex County, Commonwealth of
      Massachusetts.

5.    The Defendant, Elton Fennel ("Dr. Fennel"), of Lawrence, Essex County, Massachusetts
      was at all times herein a physician licensed to practice medicine in the Commonwealth of
      Massachusetts. The Defendant's business address is located 415 West Columbia Street,
      Evansville, Vanderburgh County, State of Indiana.

6.    The Defendant, Stewart Hou ("Dr. Hou"), of Lawrence, Essex County, Massachusetts
      was at all times herein a physician licensed to practice medicine in the Commonwealth of
      Massachusetts. The Defendant's current business address is located at L&M Radiology,
      Inc., P.O. Box 615, West Acton, Middlesex County, Commonwealth of Massachusetts.

7.    The Defendant, Lawrence Casha ("Dr. Casha"), of Lawrence, Essex County,
      Massachusetts was at all times herein a physician licensed to practice medicine in the
      Commonwealth of Massachusetts. The Defendant's business is located at NERA/ c/o
      Health Management Associates, Inc., 1342 Belmont Street, Brockton, Plymouth County,
      Commonwealth of Massachusetts.

8.    The Defendant, Timothy Norton ("Dr. Norton"), of Lawrence, Essex County,
      Massachusetts was at all times herein a physician licensed to current business address is
      located at 11995 Singletree Lane, Suite 500, Eden Prairie, Hennepin County, State of
      Minnesota.

9.    The Defendant, Karen Mello ("Dr. Mello"), of Lawrence, Essex County, Massachusetts
      was at all times herein a physician licensed to practice medicine in the Commonwealth of
      Massachusetts. The Defendant's last known business address was located at Pentucket
      Medical Riverwalk, 500 Merrimack Street, Lawrence, Essex County, Commonwealth of
      Massachusetts.

10.   The Defendant, Laurel Barrett ("Dr. Barrett"), of Lawrence, Essex County, Massachusetts
      was at all times herein a physician licensed to practice medicine in the Commonwealth of
      Massachusetts. The Defendant's business address is located at One General Street,
      Lawrence, Essex County, Commonwealth of Massachusetts.

14.   At all times relevant to this Complaint, the Defendant(s) held themselves out to the
      Plaintiff as providers of high quality medical health care services with the expertise
      necessary to maintain the health and safety of patients like the Plaintiff.

15.   At all times relevant hereto, the directors, officers, operators, administrators, employees,
      agents, and staff of LGH were employed by and acting on behalf of the Defendant who is
      therefore responsible for the negligent acts of their employees and agents under
      respondent superior.

16.     Plaintiff alleges that there may be other healthcare providers, persons, or entities whose negligence contributed to the Plaintiff's injuries and damages but whose identities are not now known and who are referred to herein as Unknown John Does. Plaintiff requests that these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

17.     Plaintiff alleges that there may be other clinics, corporations or partnerships that the physician employees mentioned in paragraph 10 may have belonged to or owned such as to make these John Does Clinics, corporations, or partnerships responsible for those whose negligence contributed to the Plaintiff's injuries and damages but whose identities are not now known and who are referred to herein as Unknown John Doe Clinics. Plaintiff request that these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

## FACTUAL BACKGROUND

18.     The Plaintiff re-alleges and re-incorporates paragraphs one (1) through twelve (12) above as if fully set forth herein.

19.     On or about August 7, 2013, the Plaintiff was a patient lawfully on the premises of LGH, located One General Street, Lawrence, Essex County, Commonwealth of Massachusetts.

20.     On or about August 7, 2013, the Plaintiff was admitted to Lawrence General Hospital for the purpose of delivering her second child. At approximately 9:49PM, the Plaintiff delivered her daughter.

21.     On or about August 9, 2013, the Plaintiff was discharged from Lawrence General Hospital.

22.     On or about August 17, 2013, the Plaintiff was re-admitted to Lawrence General Hospital for due to massive vaginal bleeding and substantial pain. An ultrasound was conducted and it was suspected that products of conception were retained inside the Plaintiff.

23.     On or about August 18, 2013, it was determined that there were retained products of conception that were still within the Plaintiff.

24.     On or about August 18, 2013, the Plaintiff underwent a dilation and curettage procedure involving a nine (9) inch suction curette in order to remove the retained products of conception. The Plaintiff continued to hemorrhage and a Bakri balloon with saline and a Foley bag were used to stop the bleeding.

25.     On or about August 19, 2013, the Plaintiff underwent a laparotomy, cystoscopy, and a total abdominal hysterectomy.

26.   The Plaintiff has filed a separate action in the Eastern Division of the Federal District
      Court of Massachusetts arising out of the same controversy.

## COUNT I – MEDICAL MALPRACTICE
## CHARINA AQUINO a.k.a KARINA AQUINO v. LAWRENCE GENERAL HOSPITAL

27.   The Plaintiff re-alleges and re-incorporates paragraphs one (1) through twenty-six (26) as
      if fully set forth herein.

28.   At all times, the listed Defendant doctors and nurses, were agents, servants, or employees of
      the Defendant, LGH.

29.   On this occasion, the Defendant, its agents, employees, servants, and each of them, in
      their attending to this Plaintiff were negligent in their diagnosing her condition and
      rendering care to her. As a result of said negligence, this Plaintiff has suffered great
      personal injuries which injuries are serious, painful, permanent and disfiguring and life-
      changing in their nature, including painful surgery, multiple procedures, and losing her
      ability to have additional children.

      WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, LGH,
in an amount to be determined by the Court together with interest and costs.

## COUNT II-MEDICAL MALPRACTICE
## CHARINA AQUINO a.k.a. KARINA AQUINO v. SAROJ FLEMING

30.   The Plaintiff re-alleges and re-incorporates paragraphs one (1) through twenty-nine (29),
      as if fully set forth herein.

31.   As Ms. Aquino's treating doctor, Dr. Fleming owed Ms. Aquino a duty to exercise
      reasonable care in the provision of medical services. Dr. Fleming breached that duty of
      care by negligently failing to properly perform and treat Ms. Aquino and the
      complications that arose therefrom. As a direct and proximate result of Dr. Fleming's
      negligence in failing to properly treat these complications, the condition of Ms. Aquino
      worsened.

32.   On this occasion, the Defendant, Dr. Fleming, in his/her attending to this Plaintiff was
      negligent in his/her diagnosing of Ms. Aquino's condition and rendering care to Ms.
      Aquino. As a result of said negligence, this Plaintiff has suffered great personal injuries
      which injuries are serious, painful, permanent and disfiguring and life-changing in their
      nature, including painful surgery, multiple procedures, and losing her ability to have
      additional children, and this Plaintiff incurred medical expenses.

      WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, Dr.
Fleming in an amount to be determined at trial, plus interest and costs.

## COUNT III-MEDICAL MALPRACTICE
## CHARINA AQUINO a.k.a. KARINA AQUINO v. JENNIFER BENTWOOD

33.   The Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-two (32), as if fully set forth herein.

34.   As Ms. Aquino's treating doctor, Dr. Bentwood owed Ms. Aquino a duty to exercise reasonable care in the provision of medical services. Dr. Bentwood breached that duty of care by negligently failing to properly perform and treat Ms. Aquino and the complications that arose therefrom. As a direct and proximate result of Dr. Bentwood's negligence in failing to properly treat these complications, the condition of Ms. Aquino worsened.

35.   On this occasion, the Defendant, Dr. Bentwood, in his/her attending to this Plaintiff was negligent in his/her diagnosing of Ms. Aquino's condition and rendering care to Ms. Aquino. As a result of said negligence, this Plaintiff has suffered great personal injuries which injuries are serious, painful, permanent and disfiguring and life-changing in their nature, including painful surgery, multiple procedures, and losing her ability to have additional children, and this Plaintiff incurred medical expenses.

WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, Dr. Bentwood in an amount to be determined at trial, plus interest and costs.

## COUNT IV-MEDICAL MALPRACTICE
## CHARINA AQUINO a.k.a. KARINA AQUINO v. ELTON FENNEL

36.   The Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-five (35), as if fully set forth herein.

37.   As Ms. Aquino's treating doctor, Dr. Fennel owed Ms. Aquino a duty to exercise reasonable care in the provision of medical services. Dr. Fennel breached that duty of care by negligently failing to properly perform and treat Ms. Aquino and the complications that arose therefrom. As a direct and proximate result of Dr. Fennel's negligence in failing to properly treat these complications, the condition of Ms. Aquino worsened.

38.   On this occasion, the Defendant, Dr. Fennel, in his/her attending to this Plaintiff was negligent in his/her diagnosing of Ms. Aquino's condition and rendering care to Ms. Aquino. As a result of said negligence, this Plaintiff has suffered great personal injuries which injuries are serious, painful, permanent and disfiguring and life-changing in their nature, including painful surgery, multiple procedures, and losing her ability to have additional children, and this Plaintiff incurred medical expenses.

WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, Dr. Fennel in an amount to be determined at trial, plus interest and costs.

## COUNT V-MEDICAL MALPRACTICE
## CHARINA AQUINO a.k.a. KARINA AQUINO v. STEWART HOU

39.     The Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-eight (38), as if fully set forth herein.

40.     As Ms. Aquino's treating doctor, Dr. Hou owed Ms. Aquino a duty to exercise reasonable care in the provision of medical services. Dr. Hou breached that duty of care by negligently failing to properly perform and treat Ms. Aquino and the complications that arose therefrom. As a direct and proximate result of Dr. Hou's negligence in failing to properly treat these complications, the condition of Ms. Aquino worsened.

41.     On this occasion, the Defendant, Dr. Hou, in his/her attending to this Plaintiff was negligent in his/her diagnosing of Ms. Aquino's condition and rendering care to Ms. Aquino. As a result of said negligence, this Plaintiff has suffered great personal injuries which injuries are serious, painful, permanent and disfiguring and life-changing in their nature, including painful surgery, multiple procedures, and losing her ability to have additional children, and this Plaintiff incurred medical expenses.

        WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, Dr. Hou in an amount to be determined at trial, plus interest and costs.

## COUNT VI-MEDICAL MALPRACTICE
## CHARINA AQUINO a.k.a. KARINA AQUINO v. LAWRENCE CASHA

42.     The Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-one (41), as if fully set forth herein.

43.     As Ms. Aquino's treating doctor, Dr. Casha owed Ms. Aquino a duty to exercise reasonable care in the provision of medical services. Dr. Casha breached that duty of care by negligently failing to properly perform and treat Ms. Aquino and the complications that arose therefrom. As a direct and proximate result of Dr. Casha's negligence in failing to properly treat these complications, the condition of Ms. Aquino worsened.

44.     On this occasion, the Defendant, Dr. Casha, in his/her attending to this Plaintiff was negligent in his/her diagnosing of Ms. Aquino's condition and rendering care to Ms. Aquino. As a result of said negligence, this Plaintiff has suffered great personal injuries which injuries are serious, painful, permanent and disfiguring and life-changing in their nature, including painful surgery, multiple procedures, and losing her ability to have additional children, and this Plaintiff incurred medical expenses.

        WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, Dr. Casha in an amount to be determined at trial, plus interest and costs.

## COUNT VII-MEDICAL MALPRACTICE
## CHARINA AQUINO a.k.a. KARINA AQUINO v. TIMOTHY NORTON

45.   The Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-four (44), as if fully set forth herein.

46.   As Ms. Aquino's treating doctor, Dr. Norton owed Ms. Aquino a duty to exercise reasonable care in the provision of medical services. Dr. Norton breached that duty of care by negligently failing to properly perform and treat Ms. Aquino and the complications that arose therefrom. As a direct and proximate result of Dr. Norton's negligence in failing to properly treat these complications, the condition of Ms. Aquino worsened.

47.   On this occasion, the Defendant, Dr. Norton, in his/her attending to this Plaintiff was negligent in his/her diagnosing of Ms. Aquino's condition and rendering care to Ms. Aquino. As a result of said negligence, this Plaintiff has suffered great personal injuries which injuries are serious, painful, permanent and disfiguring and life-changing in their nature, including painful surgery, multiple procedures, and losing her ability to have additional children, and this Plaintiff incurred medical expenses.

WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, Dr. Norton in an amount to be determined at trial, plus interest and costs.

## COUNT VIII-MEDICAL MALPRACTICE
## CHARINA AQUINO a.k.a. KARINA AQUINO v. KAREN MELLO

48.   The Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-seven (47), as if fully set forth herein.

49.   As Ms. Aquino's treating doctor, Dr. Mello owed Ms. Aquino a duty to exercise reasonable care in the provision of medical services. Dr. Mello breached that duty of care by negligently failing to properly perform and treat Ms. Aquino and the complications that arose therefrom. As a direct and proximate result of Dr. Mello's negligence in failing to properly treat these complications, the condition of Ms. Aquino worsened.

50.   On this occasion, the Defendant, Dr. Mello, in his/her attending to this Plaintiff was negligent in his/her diagnosing of Ms. Aquino's condition and rendering care to Ms. Aquino. As a result of said negligence, this Plaintiff has suffered great personal injuries which injuries are serious, painful, permanent and disfiguring and life-changing in their nature, including painful surgery, multiple procedures, and losing her ability to have additional children, and this Plaintiff incurred medical expenses.

WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, Dr. Mello in an amount to be determined at trial, plus interest and costs.

## COUNT IX-MEDICAL MALPRACTICE
## CHARINA AQUINO a.k.a. KARINA AQUINO v. LAUREL BARRETT

51.    The Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty (50), as if fully set forth herein.

52.    As Ms. Aquino's treating doctor, Dr. Barrett owed Ms. Aquino a duty to exercise reasonable care in the provision of medical services. Dr. Barrett breached that duty of care by negligently failing to properly perform and treat Ms. Aquino and the complications that arose therefrom. As a direct and proximate result of Dr. Barrett's negligence in failing to properly treat these complications, the condition of Ms. Aquino worsened.

53.    On this occasion, the Defendant, Dr. Barrett, in his/her attending to this Plaintiff was negligent in his/her diagnosing of Ms. Aquino's condition and rendering care to Ms. Aquino. As a result of said negligence, this Plaintiff has suffered great personal injuries which injuries are serious, painful, permanent and disfiguring and life-changing in their nature, including painful surgery, multiple procedures, and losing her ability to have additional children, and this Plaintiff incurred medical expenses.

WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, Dr. Barrett in an amount to be determined at trial, plus interest and costs.

## COUNT X-MEDICAL MALPRACTICE
## CHARINA AQUINO a.k.a. KARINA AQUINO v. JOHN DOE

54.    The Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-three (53), as if fully set forth herein.

55.    As Ms. Aquino's treating doctor, Dr. John Doe owed Ms. Aquino a duty to exercise reasonable care in the provision of medical services to her. Dr. John Doe breached that duty of care by negligently failing to properly perform and treat Ms. Aquino and the complications that arose therefrom. As a direct and proximate result of Dr. Barrett's negligence in failing to properly treat these complications, the condition of Ms. Aquino worsened.

56.    On this occasion, the Defendant, Dr. John Does, in his/her attending to this Plaintiff was negligent in his/her diagnosing of Ms. Aquino's condition and rendering care to Ms. Aquino. As a result of said negligence, this Plaintiff has suffered great personal injuries which injuries are serious, painful, permanent and disfiguring and life-changing in their nature, including painful surgery, multiple procedures, and losing her ability to have additional children, and this Plaintiff incurred medical expenses.

WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, Dr. John Doe in an amount to be determined at trial, plus interest and costs.

## COUNT XI– MEDICAL MALPRACTICE
## CHARINA AQUINO a.k.a. KARINA AQUINO v. UNKNOWN JOHN DOE CLINIC

57.     The Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully set forth herein.

58.     At all times, the listed Defendant doctors and nurses, were agents, servants, or employees of the Defendant, Unknown John Doe Clinic.

59.     On this occasion, the Defendant, its agents, employees, servants, and each of them, in their attending to this Plaintiff were negligent in their diagnosing her condition and rendering care to her. As a result of said negligence, this Plaintiff has suffered great personal injuries which injuries are serious, painful, permanent and disfiguring and life-changing in their nature, including painful surgery, multiple procedures, and losing her ability to have additional children.

WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, Unknown John Doe Clinic, in an amount to be determined by the Court together with interest and costs.

## COUNT XII – VICARIOUS LIABILITY
## CHARINA AQUINO a.k.a KARINA AQUINO v. LAWRENCE GENERAL HOSPITAL

60.     The Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-nine (59) as if fully set forth herein.

61.     At all relevant times hereto the directors, officers, administrators, employees, agents, and staff at LGH negligently and/or recklessly, directly and proximately caused personal injury to the Plaintiff, including both acts of commission and act of omission. As a direct and proximate result of the Defendant's negligence, the Plaintiff sustained serious and permanent personal injuries in and about her body; she incurred medical expenses, and other damages; she was forced to endure pain, suffering and mental anguish; and suffered a loss of enjoyment of life.

62.     On this occasion, the Defendant, its agents, employees, servants, and each of them, in their attending to this Plaintiff were negligent in their diagnosing her condition and rendering care to her. As a result of said negligence, this Plaintiff has suffered great personal injuries which injuries are serious, painful, permanent and disfiguring and life-changing in their nature, including painful surgery, multiple procedures, and losing her ability to have additional children.

WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, LGH, in an amount to be determined by the Court together with interest and costs.

## COUNT XIII – VICARIOUS LIABILITY
## CHARINA AQUINO a.k.a KARINA AQUINO v. UNKNOWN JOHN DOE CLINIC

63. The Plaintiff re-alleges and re-incorporates paragraphs one (1) through sixty-two (62) as if fully set forth herein.

64. At all relevant times hereto the directors, officers, administrators, employees, agents, and staff at the Unknown John Doe Clinic negligently and/or recklessly, directly and proximately caused personal injury to the Plaintiff, including both acts of commission and act of omission. As a direct and proximate result of the Defendant's negligence, the Plaintiff sustained serious and permanent personal injuries in and about her body; she incurred medical expenses, and other damages; she was forced to endure pain, suffering and mental anguish; and suffered a loss of enjoyment of life.

65. On this occasion, the Defendant, its agents, employees, servants, and each of them, in their attending to this Plaintiff were negligent in their diagnosing her condition and rendering care to her. As a result of said negligence, this Plaintiff has suffered great personal injuries which injuries are serious, painful, permanent and disfiguring and life-changing in their nature, including painful surgery, multiple procedures, and losing her ability to have additional children.

WHEREFORE, the Plaintiff, Ms. Aquino, demands judgment against the Defendant, Unknown John Doe Clinic, in an amount to be determined by the Court together with interest and costs.

THE PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY ON ALL ISSUES TRIABLE AS OF RIGHT BY JURY.

Respectfully Submitted,
The Plaintiff, Charina Aquino a.k.a. Karina Aquino
By Her Attorneys,

Danilo Avalon (BBO # 632152)
Asbel Nuñez (BBO# 687813)
Jose Lopez (BBO# 692821)
Avalon Law Offices, P.C.
612 Columbia Road
Boston, MA 02125
Phone: (617)-436-3300
Fax: (617)-436-8500
Avalon@avalonlawfirm.com
aanunez@avalonlawfirm.com
DATE: October 6, 2016                    jlopez@avalonlawfirm.com

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. : 1677CV01217D

)
CHARINA AQUINO, a.k.a. )
KARINA AQUINO )
    Plaintiff )
)
  v. )
)
SAROJ FLEMING, M.D.; )
JENNIFER BENTWOOD, M.D.; )
ELTON FENNEL, M.D.; )
STEWART HOU, M.D.; )
LAWRENCE CASHA, M.D.; )
TIMOTHY NORTON, M.D.; )
KAREN MELLO, M.D.; )
LAUREL BARRETT, M.D.; )
LAWRENCE GENERAL HOSPITAL; )
JOHN DOES; )
UNKNOWN JOHN DOE CLINIC; )
    Defendants )
)

## INTERROGATORIES PROPOUNDED BY THE PLAINTIFF
## TO BE ANSWERED BY THE DEFENDANT, SAROJ FLEMING, M.D.

NOW COMES the plaintiff, Charina Aquino, a.k.a. Karina Aquino, by her attorney, and pursuant to the provisions of Rule 33 of the Massachusetts Rules of Civil Procedure, propounds the following Interrogatories to the Defendant, Saroj Fleming, M.D., to be answered in writing under oath. Defendant's answers shall be due no later than forty-five (45) days from the date hereof.

## DEFINITIONS AND INSTRUCTIONS

A.    In answering these interrogatories you are required to make a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

B.    The terms "you", "your", "defendant" or "defendant's as used herein refers to Jason Miller and includes any and all past and present agents, servants, employees, and any individuals acting or purporting to act on behalf of said defendant.

C.    The term "person" as used herein includes a natural person, corporation, association, partnership, sole proprietorship, or public entity.

DATE: 10/20/16 TIME: 8:40 pm

LOCATION: 391 Miller Ave

SERVICE: IN HAND ABODE

DEPUTY SHERIFF M. CHAVEZ # 214

ROCKINGHAM COUNTY NH

D. The term "accident" or "occurrence" as used herein shall mean the accident, incident, or occurrence described in plaintiff's complaint.

E. Unless specified otherwise, "identify" means you should supply an individual's full name, residence, business address, occupation, title, and if known social security number, or a company's full address, type of business or industry and state of incorporation.

F. As used herein, "the operation" refers to the medical treatment set forth in the plaintiff's complaint.

G. As used herein, "the defendant's conduct" refers to the medical treatment allegedly involved in the incident set forth in the plaintiff's complaint.

H. After you answer these Interrogatories, you must supplement your answers voluntarily under Mass.R.Civ.P. 26(C) or upon request for same from plaintiff.

## CLAIMS OF PRIVILEGE

When defendant declines to answer any Interrogatory under a claim of privilege, work product or immunity or otherwise, defendant shall state clearly and explicitly defendant's grounds for doing so.

## INTERROGATORIES

1. Please identify yourself fully, giving your full name, age, residence address, business address, and occupation, and if married give the name of your spouse.

2. Are you certified by the National Board of Medical Examiners in obstetrics and gynecology? If so, what is your license number and date of issue?

3. Please recite completely the details of your professional work and experience in the field of obstetrics and gynecology, including in your answer a description of the nature and scope of your experience, a bibliography of your publications, a list of committees and boards of which you are now or have been a member, a list of research projects in which you have participated, a description of your area of specialization, an indication of the length of time you have been in specialty practice, and a list of the communities in which you currently practice or have practiced.

4. Please describe in detail all aspects and events of your medical relationship with the plaintiff, indicating the date and time of day of commencement, the nature and extent of your medical relationship prior to the alleged occurrence, and the date of termination of your medical relationship with the plaintiff.

5. Please state in complete detail the medical history the plaintiff related to you the first time you were in contact with the plaintiff with regard to the pregnancy and/or complication for which you were attending the plaintiff when the alleged occurrence took place.

6.  Please describe in complete detail the physical examination which you performed on the plaintiff the first time the plaintiff visited you with regard to the pregnancy and/or complication involved in the alleged occurrence, and submit a comprehensive list of the tests you performed and your findings.

7.  Please give a complete list of all diagnostic tests or medical procedures which were ordered or performed on the plaintiff during the course of your professional care of the plaintiff for the pregnancy and/or complication which was involved in the alleged occurrence, and indicate the results of each such test or procedure.

8.  Please set forth all dates and times of day when you examined the plaintiff during the course of your attendance to the plaintiff for the pregnancy involved in the alleged occurrence.

9.  Please set forth in complete detail all physical findings which you made, including the date thereof, regarding the plaintiff's uterus and reproductive organs.

10. Please set forth in complete detail, including the date thereof, all physical findings which you made concerning the plaintiff's cervix, including color, position, pain on motion, erosion, size and consistency, presence of lacerations or scars, and tests for necochian cyst or any other abnormality.

11. Please set forth in complete detail all precautions which you advised the plaintiff to observe during the course of her treatment, including the date of each.

12. Please set forth in complete detail the generic and trade names and dosages of all medications or drugs which you prescribed for the plaintiff during the course of the pregnancy for which you were treating the plaintiff when the alleged occurrence took place, including the date of each such prescription.

13. Please list by date and time of day each occasion on which you saw the plaintiff after you undertook the plaintiff's care for the pregnancy and/or complication involved in the alleged occurrence, and as to each such occasion please indicate:
    (a) the length of time you were with the plaintiff,
    (b) the nature and scope of your conversation with the plaintiff with regard to the status of the plaintiff's health,
    (c) the nature and scope of your conversation with the plaintiff with regard to the health of the fetus the plaintiff was carrying, and her reproductive organs,
    (d) the nature and scope of the examination that was performed on the plaintiff, and the identity of the person who performed each portion of that examination,
    (e) whether there appeared any signs or symptoms which you had not recognized before, and, if so, please give a complete description of each such sign or symptom,
    (f) a complete description of every laboratory test ordered to be performed on the plaintiff, the name and address of the laboratory at which the test was performed, and the results of each such test, and
    (g) the names, addresses, and relationships to you of all persons who were present.

14. From the time you first undertook the plaintiff's care for the pregnancy and or complications for which you were attending the plaintiff when the alleged occurrence took place, did you ask another member of the health profession for an opinion on or for assistance with any aspect of the plaintiff's case?

15. If your answer to the preceding interrogatory is in the affirmative, please indicate as to each such professional:
    (a) the name, occupation, title, address, area of specialization, and professional relationship to you,
    (b) the date, time of day, nature and scope of your request,
    (c) the nature and scope of the opinion or assistance and the date and time of day it was rendered, and
    (d) the substance of the recommendation made by each such professional.

16. If you were not in personal attendance on the plaintiff at the time of the alleged occurrence, please state in complete detail the reason for your absence.

17. Please state in complete detail the advice you gave to the plaintiff when you were first notified that she had begun labor pains.

18. Please state the date and time of day that the plaintiff arrived at the hospital for the delivery involved in the alleged occurrence.

19. Please state the name, address, occupation, title, and professional relationship to you of anyone who you notified regarding the plaintiff's admission to the hospital for the delivery involved in the alleged occurrence, and for each such person, whether you advised that person to come to the hospital and assist with the delivery.

20. If the fetus presented itself in the breech position, please state:
    (a) the date and time of day you first discovered the breech position,
    (b) the method by which you first discovered the breech position, and
    (c) what you did as a result of discovering the breech position.

21. If, at any time during the course of your treatment of the plaintiff for the pregnancy and/or complications involved in the alleged occurrence, you observed any signs of tenseness, apprehension, or emotional strain on the part of the plaintiff, please state the full details, including the date of each such observation, the symptoms or manifestations you observed, and the corrective measures that you advised.

22. How many times had you performed or assisted in performing an operation and/or procedure similar or identical to the one involved in the plaintiff's alleged occurrence prior to the one you performed on the plaintiff?

23. Of the patients on whom you had performed the operation and/or procedure similar or identical to the one involved in the alleged occurrence, approximately how many incurred an injury similar to that allegedly incurred by the plaintiff?

24. If the delivery involved in the alleged occurrence was a normal delivery, was any type of anesthesia administered to the plaintiff during the delivery?

25. If your answer to the preceding interrogatory is in the affirmative, please state:
    (a) the date, time, and place of such administration,
    (b) the name, address, and professional background of all persons who were present at the time of such administration,
    (c) the trade and generic names and complete descriptions of all equipment, drugs, and medications used, setting forth in detail amounts administered and the time when administered,
    (d) all observations you made relative to the plaintiff's condition before, during and following the administration of anesthesia, including the significance you placed upon each such observation, and what you did as a result of each such observation,
    (e) the substance of all conversations you had with the anesthetist or anesthesiologist regarding the amount of anesthesia and the technique of administering the anesthesia to be used, and
    (f) the substance of all conversations you had with anyone present during the delivery regarding the course of the delivery and its possible outcome.

26. Please set forth in complete detail all post-delivery orders made by you regarding the plaintiff, and state where the originals of these orders may be examined by counsel for the defendant.

27. At any time before or after the delivery, were you notified that the plaintiff was bleeding heavily? If so, please identify when, how you were notified, and what your diagnosis was of that bleeding.

28. If your answer to the preceding interrogatory is in the affirmative, please state:
    (a) the date and time of day of such notification,
    (b) the name and address of the person who gave you such notification,
    (c) what you did as a result of such notification, and
    (d) all orders which you issued as a result of such notification.

29. Was the placenta removed intact? If so, state when and by whom was it removed?

30. Was a Dilation and Curettage or similar procedure done to insure that all the membranes of the placenta were removed following delivery? If so, state when and by whom was it removed, and who witnessed the procedure(s).

Respectfully Submitted,
The Plaintiff, Charina Aquino a.k.a. Karina Aquino
By Her Attorneys,

Danilo Avalon (BBO # 632152)
Asbel Nuñez (BBO# 687813)
Jose Lopez (BBO# 692821)
Avalon Law Offices, P.C.
612 Columbia Road
Boston, MA 02125
Phone: (617)-436-3300
Fax: (617)-436-8500
Avalon@avalonlawfirm.com
aanunez@avalonlawfirm.com
DATE: October 6, 2016          jlopez@avalonlawfirm.com

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NO. 1677CV01217D

```
-----------------------------------------  )
CHARINA AQUINO, a.k.a.                       )
KARINA AQUINO                                )
        Plaintiff                            )
                                             )
v.                                           )
                                             )
SAROJ FLEMING, M.D.;                         )
JENNIFER BENTWOOD, M.D.;                     )
ELTON FENNEL, M.D.;                          )
STEWART HOU, M.D.;                           )
LAWRENCE CASHA, M.D.;                        )
TIMOTHY NORTON, M.D.;                        )
KAREN MELLO, M.D.;                           )
LAUREL BARRETT, M.D.;                        )
LAWRENCE GENERAL HOSPITAL;                   )
JOHN DOES;                                   )
UNKNOWN JOHN DOE CLINIC;                     )
        Defendants                           )
-----------------------------------------  )
```

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM THE
DEFENDANT, SAROJ FLEMING, M.D.**

NOW COMES the Plaintiff, Charina Aquino, a.k.a. Karina Aquino, and pursuant to Rule 34 of the
Massachusetts Rules of Civil Procedure requests that the Defendant, Saroj Fleming, M.D., produce
for inspection and copying within thirty (30) days of the date hereof the following designated
documents and things at Avalon Law Offices, P.C. 612 Columbia Road, Boston, Massachusetts.

INSTRUCTIONS FOR ANSWERING

1.      You are required, in responding to this request, to obtain and furnish all information
        available to you and any of your representatives, employees, agents, brokers, servants, or
        attorneys and to obtain and furnish all information that is in your possession or under
        your control, or in the possession or under the control of any of your representatives,
        employees, agents, servants, or attorneys.

2.      Each request which seeks information relating in any way to communications, to, from,
        or within a business and/or corporate entity, is hereby designated to demand, and should
        be construed to include, all communications by and between representatives, employees,
        agents of the business and/or corporate entity.

3. Each request should be responded to separately. However, a document which is the response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4. All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

5. If you object to part of any request, please furnish documents responsive to the remainder of the request.

6. Each request refers to all documents that are either known by the defendant to exist or that can be located or discovered by reasonably diligent efforts of the defendant.

7. The documents produced in response to this Request shall include all attachments and enclosures.

8. The documents requested for production include those in the possession, custody, or control of the defendant and the defendant's agent and attorneys.

9. References to the singular include the plural.

10. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

11. Please note that the defendant, pursuant to Mass. R. Civ. P. 26(e), is under a continuing duty to seasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.

12. All documents called for by this request or related to this request, for which the defendant claims a privilege or statutory authority as a ground for nonproduction shall be listed chronologically as follows:

    (a) the place, date, and manner of recording or otherwise preparing the document;

    (b) the name and title of the sender;

    (c) the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

    (d) the identity and title with defendant[s], if any, or the person or persons supplying defendant's attorneys with the information requested above;

    (e) the identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or

substantial summarization, the date of said communication, and the employer
and title of said person at the time of said communication;

(f) type of document;

(g) subject matter (without revealing the relevant information for which privilege
or statutory authority is claimed); and

(h) factual and legal basis for claim, privilege or specific statutory or regulatory
authority which provides the claimed ground for nonproduction.

13. Each request to produce a document or documents shall be deemed to call for the
production of the original document or documents to the extent that they are in, or subject
to, directly or in directly, the control of the party to whom this request is addressed. In
addition, each request should be considered as including a request for separate production
of all copies and, to the extent applicable, preliminary drafts of documents that differ in
any respect from the original or final draft or from each other (e.g., by reason of
differences in form or content or by reason of handwritten notes or comments having
been added to one copy of a document but not on the original or other copies thereof).

14. All documents produced in response to this Request shall be produced *in toto*
notwithstanding the fact that portions thereof may contain information not requested.

15. If any documents requested herein have been lost or destroyed, the documents so lost or
destroyed shall be identified by author, date, and subject matter.

16. Where exact information cannot be furnished, estimated information is to be supplied to
the extent possible. Where estimation is used, it should be so indicated, and an
explanation should be given as to the basis on which the statement was made and the
reason exact information cannot be furnished.

17. With respect to any document requested which was once in the defendant's possession,
custody or control, but no longer is, please indicate the date and the manner in which the
document ceased to be in the defendant's possession, custody, or control and the name
and address of its present custodian.

18. Unless otherwise indicated, each request is to be construed as encompassing all
documents which pertain to the stated subject matter, and/or date of incident, and to
events which transpired between August 7, 2013 up to the present.

## DEFINITIONS

1. "You," "your" and "yourself" refer to the party to whom the following requests are
addressed and the defendant's agents, employees and other representatives.

2. "Person" means natural persons, partnership, corporations and every other type of
organizations or entity.

3. "Identify" means when used in reference to:

    (a) a *document*, to state separately:

        (1) its description (e.g. letter, report, memorandum, etc.),

        (2) its date,

        (3) its subject matter,

        (4) the identity of each author or signer,

        (5) its present location and the identity of its custodian,

    (b) an *oral* statement, communication, conference or conversation, to state separately:

        (1) its date and the place where it occurred,

        (2) its substance,

        (3) the identity of each person participating in the communication or conversation, and

        (4) the identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

    (c) a *natural person or persons*, to state separately:

        (1) the full name of each such person,

        (2) his or her present or last known business address and his or her present or last known residential address, and

        (3) the employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time,

    (d) an organization or entity other than a natural person (e.g., a company, corporation, firm, association, or partnership), to state separately:

        (1) the full name and type of organization or entity,

        (2) the date and state of organization or incorporation,

        (3) the address of each of its principal places of business, and

        (4) the nature of the business conducted,

4. "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

5. "Document" or "documents" includes without limitation any written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including but not limited to inter-office and intro-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data procession card, computer or data processing disk, computer generated matter, photograph, photographic negative, phonograph recording, transcript or log of such recording, projection, videotape, firm, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of

investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or by which reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy as a separate document.

6.      "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

7.      "Claim" means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

8.      "Consulted" or "contracted" means any form of communication, e.g., oral statements, telephone conversations or other mechanical communications or any other type of communication including written letters or documents.

9.      "Defendant" means [give name], its subsidiaries, divisions, parent company, and holding company and the directors, officers, employees, agents, representatives, and others known to you to have acted on their respective behalf.

10.     "Management" or "manage" includes any act of directing, conducting, administering, controlling, or handling an identified function or duty.

11.     "During the relevant time period" shall mean a period of five years before and up to the date of occurrence alleged.

12.     "Any" shall also mean "all" and vice versa.

13.     "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

## DOCUMENTS REQUESTS

1.      All documents, tape recordings, or other writings memorializing or in any way recording or reflecting any words, statements, declarations, conversations or other communications by the plaintiff or the defendant regarding the plaintiff's patient-physician relationship with the defendant.

2.      All documents, including any memos, pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public that the defendant or any agents or employees of the defendant had with the plaintiff.

3.      All documents relating to all inquiries or investigations conducted as a result of plaintiff's claim or allegation of professional negligence or medical malpractice.

4.    All manuals, handbooks, policies, procedures, notices, or directives issues by the defendant, pertaining to the occurrence alleged in the plaintiff's complaint.

5.    All documents, speeches, articles, or publications by the defendant or any agent or attorney of the defendant relating in any way to the occurrence alleged in the plaintiff's complaint.

6.    All documents reflecting all insurance policies and/or insurance coverage which defendant has or has had for any liability arising from the occurrence alleged in the plaintiff's complaint.

7.    All documents which the defendant contends support the defenses asserted in the defendant's answer or that relate to any claims asserted by the defendant. All documents, speeches, articles, or publications by the defendant.

8.    All documents which you intend to introduce into evidence at the trial of this case or may be used to refresh the recollections or witnesses at depositions or trial.

9.    All statements and memos relating to witnesses or potential witnesses or persons contacted in connection with this case.

10.   All other documents in the possession of the defendant that pertain to this legal action and that are not described above.

11.   All medical records, surgical records, mental illness records, X-rays, radiographic films, pathology materials, including but not limited to slides and other tissue samples, or any other records or materials related to any diagnostic or treatment tests or procedures, financial records, bills, invoices, writings, notes or memoranda relating to all of the [plaintiff's] physical, medical and mental conditions, illnesses or disabilities, including but not limited to those doctors, nurses, practitioners, hospitals, clinics, institutions or other health care insures, without regard to whether it is the [plaintiff's] contention that such physical, medical or mental conditions, illnesses or disabilities were caused in any way by the [defendant] or any agent or employee of the [defendant]:

    (a)    for a period of five years before and up to the date of the occurrence alleged in the plaintiff's Complaint,

    (b)    for a period of time commencing on the date of the occurrence alleged in the plaintiff's Complaint up to and including the present date.

12.   All medical, surgical and mental illness records of the plaintiff, X-rays, radiographic films, pathology materials, including but not limited to slides and other tissue samples, or any other records or materials related to any diagnostic or treatment tests or procedures, fee and financial records; writings, notes, correspondence or memoranda relating to all of the plaintiff's physical or mental conditions, illnesses, or disabilities, including but not limited to those made by the defendant; his/her associate or agent; another doctor, practitioners or nurse; and any hospital, clinic, institution or other health care provider or insurer:

      (a)    for the period involved in the occurrence set forth in the plaintiff's Complaint; and

      (b)    for any other period in which the defendant treated or had any medical relation with the plaintiff.

13.    With regard to any of the documents referred to in Paragraph 1 above, which exist but are not physically in the possession of the defendant or the defendant's attorney, but which are in the defendant's control, the plaintiff requests that the defendant execute authorizations to each individual or institution where such documents exist, to allow the plaintiff to obtain and examine copies of such documents.

14.    All photographs, sketches, diagrams, or other representations that in any way relate to the plaintiff's complaint.

15.    Any books, articles, or other source considered authoritative by the defendant that describes the procedure or treatment involved in the occurrence set forth in the plaintiff's complaint, and any potential adverse consequences of such procedure or treatment.

16.    Any and all contracts and/or agreements existing between the defendant, (Physician's name) and (name) Hospital regarding the defendant physician's employment or business relationship with said Hospital.

17.    Any and all notes or memoranda reflecting any conversation which took place between the defendant, or any agent or employee of the defendant with the plaintiff.

18.    Any documents, correspondence and/or written memoranda concerning any denials, suspensions and/or revocations of the defendant's hospital staff privileges at any time during his or her medical career.

19.    The Curriculum Vitae of the defendant, as of the date of the alleged occurrence.

20.    The current Curriculum Vitae of the defendant.

21.    Any and all insurance agreements, contracts and/or policies which may satisfy in whole or in part any judgment the plaintiff may obtain in this action against the defendant.

22.    A copy of any and all articles, journals and/or pages from text books which will be relied upon to support the defendant's contention that the care that was provided to the plaintiff was consistent with that standard of care expected of physicians practicing medicine.

23.    Articles of Organization of the defendant's professional corporation.

24.    Any incident or accident report or record concerning or pertaining to the plaintiff relating to the occurrence alleged in the plaintiff's pleadings.

25. All notes, minutes, findings, conclusions or records of any administrative, medical or nursing meeting concerning the injury of the plaintiff as alleged in the plaintiff's pleadings.

26. Copies of any and all insurance policies which operate to insure the defendant for claims of professional negligence as alleged in the plaintiff's Complaint.

27. Copies of any and all insurance policies which operate to insure the defendant for claims of professional negligence as alleged in the plaintiff's Complaint and which operate to provide insurance coverage in excess of the insurance policies described in paragraph 1 of this Request.

28. Copies of the defendant's complete records concerning the plaintiff, including but not limited to the following: care and treatment, billing, complaints by the plaintiff, and referral to and consultation with other physicians.

29. Copies of any and all correspondence sent to the defendant by the plaintiff.

30. Copies of any and all correspondence sent to the plaintiff by the defendant.

Respectfully Submitted,
The Plaintiff, Charina Aquino a.k.a. Karina Aquino
By Her Attorneys,

Danilo Avalon (BBO # 632152)
Asbel Nuñez (BBO# 687813)
Jose Lopez (BBO# 692821)
Avalon Law Offices, P.C.
612 Columbia Road
Boston, MA 02125
Phone: (617)-436-3300
Fax: (617)-436-8500
Avalon@avalonlawfirm.com
aanunez@avalonlawfirm.com
DATE: October 6, 2016                     jlopez@avalonlawfirm.com